# EXHIBIT A-2

CAUSE NO. S-10-5458CV-B 

| | § | |
|---|---|---|
| PAULA CHRISTOFERSON AND ERICK CHRISTOFERSON, | § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § | |
| VS. | § § | SAN PATRICIO COUNTY, TEXAS |
| GENERAL MOTORS COMPANY, | § § | 156th JUDICIAL DISTRICT |
| Defendant. | § | |

**PLAINTIFFS' ORIGINAL PETITION & REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, PAULA CHRISTOFERSON AND ERICK CHRISTOFERSON (hereinafter referred to as "Plaintiffs"), and respectfully files this Original Petition & Request For Disclosure against GENERAL MOTORS COMPANY (hereinafter referred to as "Defendant"), and in support thereof would state and show the following:

**I. Discovery Control Plan**

1. Plaintiffs intend to conduct discovery under Level 3 pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

**II. Parties**

2. Plaintiffs Paula Christoferson and Erick Christoferson are married. Plaintiffs reside in and are citizens of Aransas Pass, Texas.

3. Defendant General Motors Company is a foreign Corporation doing business in Texas and service of process upon this Defendant may be had by serving its registered agent for service, CT Corporation at 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

### III. Facts

4. On December 31, 2009, Paula Christoferson was driving a 2005 Chevrolet Trail Blazer (VIN# 1GNDT13S952228447), traveling southbound on in the 400 block of Harrison Blvd. in Aransas Pass, San Patricio County, Texas, when she was struck by another vehicle and lost control of the vehicle and flipped over.

5. At the time of the accident, Paula Christoferson was properly wearing her 3-point seat belt.

6. However, despite being properly restrained, Paula Christoferson sustained serious injuries when her vehicle failed to protect her and her occupant space was compromised.

### IV. Cause(s) of Action As To Defendant

7. It was entirely foreseeable to and well-known by the Defendant that accidents and incidents involving its vehicles, such as occurred herein, would on occasion take place during the normal and ordinary use of said vehicle.

8. The injuries occurred because the vehicle in question was not reasonably crashworthy, and was not reasonably fit for unintended, but clearly foreseeable, accidents. The vehicle in question was unreasonably dangerous in the event it should be involved in an incident such as occurred herein.

9. Defendant designed, manufactured, marketed, assembled, and/or tested said vehicle in question to be unreasonably dangerous and defective within the meaning of Section 402(A) Restatement (Second) Torts, in that the vehicle was unreasonably dangerous as designed, manufactured, assembled, marketed, and tested because Defendant knew of the following defects:

    a.     Despite being properly belted, plaintiff was allowed to strike her head on the opposite side passenger door where she left hair and tissue embedded in the door trim;
    b.     The ABTS restraint system retractor failed to lock or stay locked throughout this accident event;
    c.     The restraint system violated principles of crashworthiness by failing to provide proper restraint throughout the entire accident and by failing to prevent ejection from the seating position;
    d.     The subject vehicle was not tested thoroughly;
    e.     The subject vehicle did not have thorough engineering analysis conducted.

10.     Defendant was negligent in the design, manufacture, assembly, marketing, and/or testing of the vehicle in question.

11.     The foregoing acts and/or omissions of Defendant were a producing and/or proximate cause of Paula Christoferson's serious injuries.

12.     The foregoing acts and/or omissions of Defendant were a producing and/or proximate cause of the Plaintiffs' damages.

## V. Damages to Plaintiffs

13.     As a result of the acts and/or omissions of Defendant, Plaintiff Paula Christoferson has endured pain and suffering, extreme emotional distress, mental anguish, impairment, disfigurement, interference with her daily activities, and a reduced capacity to enjoy life in the in the past and, in all likelihood, will into the future as a result of her injuries.

14.     As a result of the acts and/or omissions of Defendant, Plaintiff Paula Christoferson has suffered diminished earning capacity in the future as a result of her injuries.

15.     As a result of the acts and/or omissions of Defendant, Plaintiffs have become obligated to pay extensive medical expenses in the past and, will continue in the future, as a result of Paula Christoferson's injuries.

16. As a result of the acts and/or omissions of Defendant, Plaintiff Erick Christoferson has endured pain and suffering, extreme emotional distress, mental anguish, and loss of consortium in the past and will into the future as a result of the injuries to his wife, Paula Christoferson.

17. The above and foregoing acts and/or omissions of Defendant, resulting in the injuries to Plaintiff Paula Christoferson, have caused actual damages to Plaintiffs in an amount in excess of the minimum jurisdictional limits of this Court.

## VI. Prayer

18. For the reasons presented herein, Plaintiffs pray that the Defendant be cited to appear and answer, and that upon a final trial of this cause, Plaintiffs recovers judgment against Defendant for:

   a. actual damages;
   b. prejudgment and post-judgment interest beginning December 31, 2009;
   c. costs of suit; and
   d. all other relief the Court deems proper.

## VII. Request for Disclosure

19. Under Texas Rule of Civil Procedure 194, Plaintiffs requests that Defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

Respectfully submitted,

**The TRACY firm**

_____
E. Todd Tracy (Lead Counsel)
State Bar No. 20178650
I. Scott Lidji
State Bar No. 24000336
5473 Blair Road, Suite 200
Dallas, Texas 75231
(214) 324-9000 Phone
(972) 387-2205 Fax

**ATTORNEYS FOR PLAINTIFFS**